IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOHNATHAN OLIVE, an individual, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-12-412-JHP |
| (1) BOARD OF COUNTY COMMISSIONERS OF BRYAN COUNTY, OKLAHOMA, (2) KEN GOLDEN, THE SHERIFF OF BRYAN COUNTY IN HIS OFFICIAL CAPACITY, and (3) ADVANCED CORRECTIONAL HEALTHCARE, INC, an Illinois corporation, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AFFIRMING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On June 2, 2014, United States Magistrate Judge Kimberly E. West entered a Report and Recommendation [Doc. No. 139] regarding the Motion for Summary Judgment filed by Defendant Advanced Correctional Healthcare, Inc. ("ACH"). [Doc. No. 77]. The Magistrate Judge recommended that Defendant's Motion for Summary Judgment be granted and that all claims against ACH be dismissed as time-barred by the applicable statute of limitations. On June 13, 2014, Plaintiff timely filed his objections to the Magistrate Judge's Report and Recommendation in accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). [Doc. No. 141]. ACH did not file a response to Plaintiff's objections to the Report and Recommendation.

The Plaintiff's negligence claim is time-barred under the two-year statute of limitations provided under § 95(3), so this Court does not reach a holding regarding whether the special one-year statute of limitations provided under § 95(11) should apply to these claims. As the Magistrate Judge notes:

> [t]he cause of action against ACH was not filed within two years of the date of the accrual of the claim. Even under the more liberal statute of limitations at Okla. Stat. tit. 12 § 95(3) for negligence, Plaintiff's claim against ACH would be time-barred since it did not qualify for relating back to the time of the filing of the original complaint. [Doc. No. 139, n. 1].

In order for an amended claim to relate back to the date of filing of the original complaint, all elements on Federal Rule of Civil Procedure 15(c)(1) must be satisfied. If an "amendment changes the party or the naming of the party against whom a claim is asserted" it relates back to the date of the filing of the original complaint only if "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. Proc. 15(c)(1)(C). Plaintiff alleges that he did not learn of ACH's identity until it was revealed in discovery. [Doc. No. 90 at 16-18]. However, "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of" Rule 15(c)(1)(C)(ii). *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). Because there was no mistake concerning the proper party's identity, the amended complaint does not relate back to the original time of filing, and therefore the claims against ACH are time-barred under the statute of limitations provided in Okla. Stat. tit. 12, § 95(3).

Further, upon full consideration of the entire record and the issues presented herein, this Court finds and orders that the Report and Recommendation entered by the United States Magistrate Judge on June 2, 2014, is supported by the record and is **AFFIRMED** and

**ADOPTED** by this Court as its Findings and Order, except with respect to the United States Magistrate Judge's findings regarding Okla. Stat. tit. 12, § 95(11) and that statute's applicability to this case.[1]

IT IS SO ORDERED this 27th day of August, 2014.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[1] This Court notes that Plaintiff has objected to the factual findings of the Magistrate judge that an "emergency room physician arranged for Plaintiff's follow-up appointment with orthopedic physician, Dr. Chad Crawley for October 11, 2010 at 3:45pm" and that ACH nurse Cecilene "Stevens later learned that Plaintiff did not have a surgery scheduled but rather had an appointment to see Dr. Crawley at a specified time." [Doc. No. 141 at 2]. These factual findings are not material to the ruling on Defendant ACH's Motion for Summary Judgment, therefore the Court does not find it necessary to affirm or reject the Magistrate's findings regarding these facts.